UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL MAHURIN AND LAURA MAHURIN,<br>    *Plaintiffs*,<br><br>    *vs.*<br><br>GEORGE D. SAPIEGA AND UNITED PARCEL SERVICE INC D/B/A UPS,<br>    *Defendants.* | 1:14-cv-01482-JMS-DML |

## ORDER

On September 11, 2014, Defendants removed Plaintiffs' state court action to federal court, alleging that this Court could exercise diversity jurisdiction over this action. [Filing No. 1.] The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Based on Defendants' Notice of Removal, the Court cannot determine whether it can exercise jurisdiction over this case.

Defendants allege that "[o]n information and belief, the Plaintiffs . . . are . . . citizens of the State of Indiana." [Filing No. 1 at 2.] As the proponent of federal jurisdiction, the burden rests with Defendants to show by a preponderance of the evidence facts that suggest the Court has diversity jurisdiction, *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006), and allegations based on information and belief are insufficient, *America's Best Inns, Inc. v. Best Inns of Abilene, LP*, 980 F.2d 1072, 1074 (7th Cir. 1992). Because of this, the Court cannot assure itself that it can exercise diversity jurisdiction over this matter.

Accordingly, the Court **ORDERS** the parties to file a joint jurisdictional statement by **October 6, 2014**, setting forth the citizenship of each party and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. If the parties cannot agree on the contents of a

- 1 -

joint statement, competing statements must be filed by that date. Filing a compliant statement will satisfy Plaintiffs' obligations under Local Rule 81-1.

September 22, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**